UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOBBI EDWARDS, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:18-cv-1954-RDP |
| } | |
| **KIM MASHEGO, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss (Docs. # 3, 13[1]), Plaintiffs' Motion to Remand (Doc. # 8), and Defendants' Motion to Strike (Doc. # 16). The Motions have been fully briefed (Docs. # 10, 18, 21) and are ripe for decision. After careful review, and for the reasons explained below, the court concludes that although Plaintiffs' Motion to Remand (Doc. # 8) is due to be denied, Plaintiffs must replead their complaint. As such, Defendants' Motions to Dismiss (Docs. # 3, 13) and Motion to Strike (Doc. # 16) are due to be denied without prejudice as moot.

**I.  Factual and Procedural Background**

Plaintiffs Bobbi Edwards and Christopher Edwards (collectively, "the Parents") and their two minor children originally filed this action in the Circuit Court of Shelby County, Alabama on October 18, 2018. *Bobbi Edwards, et al. v. Kim Mashego, et al.*, 58-cv-20118-900981. In their state court complaint, Plaintiffs named the following employees of the Shelby County Department

---

[1] In their Motion to Dismiss, Defendants Kim Mashego and Corrine Matt adopted and incorporated by reference the Motion to Dismiss filed by Defendant Barnes. (Doc. # 13).

1

of Human Resources ("Shelby County DHR") as Defendants: Kim Mashego, the Director of Shelby County DHR; Corrine Matt; Yolanda Barnes; and Alyssa Partridge. (Doc. # 1 at 10-11).

Plaintiffs assert the following claims against Defendants in their individual capacities: negligence and wantonness (Count One); suppression of material fact (Count Two); negligent/wanton training and supervision (Count Three); outrageous conduct/intentional infliction of emotional distress (Count Four); malicious prosecution (Count Five); abuse of process (Count Six); civil conspiracy (Count Seven); and damages pursuant to 42 U.S.C. § 1983 (Count Eight). (*Id*. at 13-22). Specifically, Plaintiffs assert that Defendants, while acting under color of state law, violated their rights in a number of ways including depriving them of their constitutional rights to "privacy" and "due process of law" in violation of 42 U.S.C. § 1983. (*Id*. at 10). In support of these claims, Plaintiffs allege the following facts in their complaint.

Plaintiffs claim that on February 22, 2016, Partridge contacted the Parents at their home to investigate the potential abuse or neglect of their minor child. (Doc. # 1 at 11, ¶ 8). Partridge and the Parents agreed to a "Safety Plan," which Plaintiffs allege "is an agreement made by and between the family and [Shelby County DHR] with respect to certain terms and conditions regarding further activity and involvement by and between the family and [Shelby County DHR]." (*Id*. at ¶ 9). According to Plaintiffs, the Safety Plan ensured that the minor children would live in the home with their mother, and their maternal grandmother agreed to supervise all contact. (*Id*. at ¶ 10). The Safety Plan further provided that Mr. Edwards would not live in the home with the children. (*Id*.). Plaintiffs allege that Partridge, the Parents, and the maternal grandmother all signed the Safety Plan. (*Id*. at ¶¶ 9,11).

Plaintiffs contend that on the following day, Partridge met with Mashego, Matt, and Barnes for a "staffing meeting." (*Id*. at 12, ¶ 13). During this meeting, they allegedly decided that the

Safety Plan was invalid and that the proper course of action was to "seek authority and approval from the Shelby County Juvenile Court to remove the minor children…from the custody of their parents…and place the minor children into a foster home." (*Id*.). Consistent with this decision, Partridge filed a Petition with the Shelby County Juvenile Court and requested an Emergency Pick Up Order, which would allow the children to be taken into emergency protective custody and placed into a foster home. (*Id*. at ¶ 14). Crucially, Plaintiffs submit that Partridge made "untrue, false, misleading and fraudulent representations, under oath, to the Shelby County Juvenile Court for the purpose of inducing that Court to enter the Emergency Pick Up Order." (*Id*. at ¶ 15). The Juvenile Court issued the Emergency Pick Up Order, and Partridge removed the children from the custody of the Parents and placed them in a foster home. (*Id*. at ¶ 16).

Plaintiffs further assert that the cases involving the minor children were eventually litigated before the Shelby County Juvenile Court and resolved in their favor. (*Id*. at ¶ 17). At some point during the litigation, the Juvenile Court ordered the children to be placed into the temporary custody of the maternal grandmother. (*Id*.). On August 30, 2016, the Juvenile Court returned custody of the children to the Parents. (*Id*.). Almost one year later, on August 16, 2017, the Juvenile Court dismissed the Petitions filed by Shelby County DHR. (*Id*.).

After Plaintiffs filed suit in the Circuit Court of Shelby County on October 18, 2018, Defendant Barnes removed this action to federal court on November 28, 2018. (Doc. # 1). At the time of removal, Defendant Barnes was the only defendant who had been served. (*Id*. at 2). On December 20, 2018, less than thirty days after the removal, Defendants Mashego and Matt filed a notice of their consent to the removal. (Doc. # 12). Defendant Partridge, however, had still not been served.

Over the course of the next four months, this court granted Plaintiffs three extensions to complete service upon Defendant Partridge in federal court. (Docs. # 19, 24, 27). Yet, despite the court's warning that failure to properly serve Partridge may result in dismissal of their claims against Defendant Partridge (Doc. # 27), Plaintiffs failed to comply with the court's instructions. Plaintiffs only managed to serve Partridge in the Circuit Court of Shelby County on April 23, 2019. (Doc. # 30). Consequently, on June 3, 2019, the court dismissed without prejudice Plaintiffs' claims against Defendant Partridge due to Plaintiffs' failure to serve Defendant Partridge in federal court after being granted three prior extensions to do so. (Doc. # 34).

## II.     Analysis

As an initial matter, the court concludes that Plaintiffs' Motion to Remand is due to be denied because Plaintiffs' complaint squarely presents a federal question under 42 U.S.C. § 1983. Thus, the court has original jurisdiction over Plaintiffs' Section 1983 claim and supplemental jurisdiction over their attendant state law claims. However, in light of the court's recent dismissal of Plaintiffs' claims against Defendant Partridge (and because their allegations rely heavily on Partridge's actions), the court finds it appropriate for Plaintiffs to replead their complaint. As a result, Defendants' Motions to Dismiss and Motion to Strike are due to be denied without prejudice as moot.

### A.  Plaintiffs' Motion to Remand is Due to be Denied

Plaintiffs argue this case should be remanded to the Circuit Court of Shelby County Alabama "because this case does not present a substantial federal question that merits removal under 28 U.S.C. Section 1441." (Doc. # 8 at 4-5). Plaintiffs point out that Defendants are state agents, not federal agents or employees, meaning that Defendants acted under color of *state* law in removing the minor children from the custody of the Parents. (*Id*. at 5-7). Plaintiffs further

contend that the presence of a single federal claim for damages pursuant to 42 U.S.C. § 1983 is insufficient to create federal question jurisdiction when all of Plaintiffs' claims involve alleged violations of duties imposed by state law. (*Id.* at 5-7). For the reasons explained below, the court disagrees and concludes that Plaintiffs' Motion to Remand is due to be denied.

Title 28 U.S.C. § 1441(a) authorizes removal of any case over which the district court has original jurisdiction. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[W]hether a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotations omitted). Plaintiffs do not appear to dispute (and with good reason) that their Section 1983 claim in Count Eight of their complaint arises under federal law. (Doc. # 8 at 7). District courts have original jurisdiction of any civil action "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). Pursuant to 28 U.S.C. §§ 1331 and 1343, this court clearly has original jurisdiction over Plaintiffs' Section 1983 claim, which alleges privacy and due process violations.

Additionally, Plaintiffs' argument that Defendants' status as state agents (acting under color of state law) destroys federal question jurisdiction is far wide of the mark. Every action brought pursuant to Section 1983 involves an actor operating under the color of state law. After all, that is a key element of a Section 1983 claim. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48, 50 (1988). The "under-color-of-state-law" element of a Section 1983 action operates to exclude private conduct. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Thus, the simple fact that Defendants acted as state agents when they allegedly violated Plaintiffs' federal rights does not strip this court of federal question jurisdiction.

As to Plaintiffs' attendant state law claims alleged in Counts One through Seven of the complaint, this court may exercise supplemental jurisdiction over them under 28 U.S.C. § 1367. Section 1367(a) gives federal courts "the power to exercise supplemental jurisdiction over all claims that arise out of a common nucleus of operative facts with a substantial federal claim." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012) (quoting *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.,* 177 F.3d 1212, 1223 (11th Cir.1999)). The court must "take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Id*. at 679. As such, this analysis is inherently fact-oriented. *Id*.

Even at this stage of the case, it is readily apparent that the facts underlying Plaintiffs' Section 1983 claim are undeniably intertwined with the facts underlying their state law tort claims. Plaintiffs allege that Defendants, acting on behalf of Shelby County DHR, unlawfully withdrew from the Safety Plan agreement and petitioned the Shelby County Juvenile Court on an emergency basis to remove the minor children from the custody of the Parents. (Doc. # 1 at 11-12). Every claim depends on the common allegation that Defendants "acted willfully, maliciously, fraudulently, in bad faith, beyond their authority or under a mistaken interpretation of the law" in causing the children to be removed from the Parents' home. (*See*, e.g., *id*. at ¶¶ 22, 31, 45, 53, 60, 67, 74, 82). Specifically, Plaintiffs' Section 1983 claim asserts that the Defendants "caused the minor children…to be unlawfully removed from the custody of their parents…The defendants

unlawfully interfered with the plaintiffs' constitutionally protected rights; and, invaded the plaintiffs' right of privacy and caused removal from the parents' custody without affording due process of law thereby resulting in a constitutional deprivation." (*Id*. at ¶ 81). Because Plaintiffs' state law claims arise out of a common nucleus of operative facts as the Section 1983 claim, supplemental jurisdiction over the state law claims is appropriate. Accordingly, Plaintiff's Motion to Remand is due to be denied.[2]

### B. Plaintiffs' Complaint is Due to be Replead and Defendants' Motions to Dismiss and Motion to Strike are Due to be Denied Without Prejudice as Moot

Given the court's recent dismissal of Plaintiffs' claims against Defendant Partridge following their failure to properly serve Partridge in federal court (Doc. # 34), the court believes it best to have them replead their claims. A careful review of Plaintiffs' complaint reveals that their claims depend heavily on Partridge's actions, making it difficult for the court to parse out which allegations apply to which Defendants. Accordingly, the court directs Plaintiffs to replead their complaint (consistent with the following instructions) to remove the shotgun nature of the pleading.

---

[2] In their Motion to Remand, Plaintiffs cite several cases discussing the "substantial-federal-question" jurisdiction doctrine. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008) (evaluating whether the plaintiffs' state law tort claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986) ("But the Supreme Court has held that, when a plaintiff's complaint raises garden-variety tort claims, the presence of a claimed violation of a federal statute as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction."). However, the "substantial-federal-question" doctrine is inapplicable in this case because the face of Plaintiffs' complaint presents a federal question under Section 1983. As such, the court need not address whether Plaintiffs' state law claims alone confer jurisdiction.

Plaintiffs' amended complaint must comply with Federal Rules of Civil Procedure 8(a),[3] 10(a),[4] and 10(b).[5]  Each count in the amended complaint should be supported by allegations of fact relating only to that count. Specifically, Plaintiffs must set forth each claim they assert against Defendants separately, in a short, plain statement, containing allegations of fact and referencing the statute or law under which each separate claim is brought and the relief sought under each separate claim.

## III. Conclusion

For the reasons explained above, Plaintiffs' Motion to Remand is due to be denied. Additionally, in light of the court's recent dismissal of Plaintiffs' claims against Defendant Partridge, the court will require Plaintiffs to replead their complaint. Consequently, Defendants' Motions to Dismiss and Motion to Strike are due to be denied without prejudice as moot. Plaintiffs must file an amended complaint within fifteen (15) days of the date of this Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered.

---

[3] Rule 8(a) **Claim for Relief.**  A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[4] Rule 10(a) **Caption; Name of Parties.** Every pleading must have a caption with the court's name, a title, a file number, and a Rule7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

[5] Rule 10(b) **Paragraphs; Separate Statements.**  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

**DONE** and **ORDERED** this June 6, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE